IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles Horn,

    Plaintiff,

  v.                                         Case No. 2:15-cv-220

Chad Hunt,

    Defendant.

## ORDER

Plaintiff Charles Horn, an inmate currently housed in the Lebanon Correctional Institution, filed the instant civil rights action pursuant to 42 U.S.C. §1983 against defendant Chad Hunt, a food service worker at the Correctional Reception Center where plaintiff was previously incarcerated. Plaintiff alleged in his complaint that on October 1, 2014, he was involved in a verbal dispute with the defendant over the fact that defendant would not wear gloves while handling exposed food. Defendant informed plaintiff that he was not going to wear gloves, and that he did not have to follow the policies of the Ohio Department of Rehabilitation and Correction. Plaintiff further alleged that after plaintiff informed defendant that he was going to file a complaint against him for handling food with no gloves, several inmates approached plaintiff and said that defendant was in the kitchen telling staff and inmates that plaintiff was a snitch. Plaintiff alleges that shortly thereafter, he was involved in a fight with an inmate, who warned plaintiff that if he continued to snitch on the defendant, more problems would be coming plaintiff's way. Doc. 3.

On March 31, 2015, defendant moved to dismiss the complaint

for failure to state a claim for which relief may be granted. By order filed on April 23, 2015, the time for plaintiff to respond to the motion was extended to April 26, 2015. Plaintiff's response, with a certificate of service dated April 24, 2015, was docketed by the clerk on May 12, 2015. In reply, defendant argued that plaintiff's response should be stricken as untimely. In a motion to strike filed on June 2, 2015, defendant argued that documents attached to plaintiff's response, including an informal complaint and three inmate declarations, should be stricken as constituting evidence outside the complaint.

This matter is now before the court for consideration of the October 8, 2015, report and recommendation of the magistrate judge. The magistrate judge granted defendant's motion to strike in part to the extent that defendant sought to strike the three inmate declarations. Doc. 17, p. 14. The magistrate judge denied the motion to strike the informal complaint form. Doc. 17, p. 6. The magistrate judge also recommended that the motion to dismiss be granted in part and denied in part. The magistrate judge rejected defendant's arguments: 1) that plaintiff lacked standing to assert his First Amendment claim, Doc. 17, pp. 4-5; 2) that the complaint should be dismissed for failure to exhaust administrative remedies, Doc. 17, pp. 5-8; and 3) that the complaint should be dismissed because defendant was not a state actor, Doc. 17, pp. 8-10. The magistrate judge concluded that the allegations in plaintiff's complaint were sufficient to allege a claim of retaliation in violation of the First Amendment. Doc. 17, pp. 10-13. However, the magistrate judge found that the complaint failed to state a claim under the Eighth Amendment based on a duty to protect theory.

Doc. 17, pp. 13-14.  On November 2, 2015, defendant filed objections to the report and recommendation, and on November 23, 2015, plaintiff filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  Id.  While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is

3

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). However, the court also notes that pleadings filed by pro se litigants are liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001).

II. Plaintiff's Objections

A. First Objection

    Defendant argues that the report and recommendation erroneously failed to address defendant's objections to the untimely nature of plaintiff's opposition to the motion to dismiss. The magistrate judge did refer to the request to strike plaintiff's response as untimely, but did not expressly rule on that motion. Doc. 17, p. 4. The court concludes that plaintiff's response should not be stricken as untimely. Under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing. Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008). Absent contrary evidence, it is assumed that the prisoner handed the pleading to prison officials for mailing on the date the pleading is signed. Richard v. Ray, 290 F.3d 810, 812-13 (6th Cir. 2002). Plaintiff's response is dated April 24, 2015, which is within the filing deadline of April 26, 2015, established by the magistrate judge. In his response to defendant's objections, plaintiff stated that he handed his pleading over to prison officials on April 24, 2015, see Doc. 22, p. 1, and there is no evidence in the record to dispute plaintiff's claim in that regard. The delay in the receipt of the document by the clerk's office might possibly be due to a delay in establishing plaintiff's prison account following his transfer to the Lebanon Correctional Institution. Regardless of whether the response was

4

properly filed under the prison mailbox rule, the court would not strike plaintiff's response for untimeliness because the filing delay was not excessive and the motion to dismiss should be decided on the merits.

B. Second Objection

Defendant contends that the magistrate judge erred in declining to address the issue of the frivolousness of the complaint, stating that defendant "has not suggested the issue of frivolousness[.]" Doc. 17, p. 12. Defendant did allege generally at the beginning of his motion to dismiss that "the allegations [in the complaint] are frivolous" and referred in his reply to the "overall frivolity of Inmate Horn's lawsuit," Doc. 9, p. 1; Doc. 15, p. 11. However, the only specific allegation of frivolity occurs at page 11 of the reply, where defendant argues that the making of an oral complaint was per se not protected under the First Amendment because the form of an oral complaint was not "the proper pursuit of a non-frivolous grievance." Doc. 15, p. 11 (citing Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000)).

It is helpful to view the statement of the magistrate judge in context. The magistrate judge specifically addressed defendant's argument that an oral complaint was not protected conduct under the First Amendment, and cited contrary authority for the proposition that verbal complaints by a prisoner may constitute protected conduct under some circumstances. Doc. 17, p. 10. The magistrate judge noted that "a grievance does not necessarily have to be formal to be protected, the issue is whether the grievance, regardless of form, is frivolous." Doc. 17, p. 11 (citing Clark v. Johnston, 413 F.App'x 804, 813 (6th Cir. 2011)). The magistrate

5

judge then observed that plaintiff did not simply allege that he made an oral complaint to defendant about his food-handling practices; rather, plaintiff claimed that defendant retaliated against him after plaintiff told defendant about his intention to file a grievance concerning defendant's noncompliance with prison food-handling regulations. Doc. 17, p. 12. At that point, the magistrate judge stated that defendant "has not suggested the issue of frivolousness." Doc. 17, p. 12. The court construes this comment as accurately noting that the defendant never argued specifically that a claim of retaliation arising from plaintiff's stated intention to file a written grievance for defendant's failure to comply with prison regulations would be frivolous.

In any event, the court agrees with the conclusion of the magistrate judge that the complaint was sufficient to allege that plaintiff engaged in conduct protected under the First Amendment by threatening to file a grievance concerning defendant's non-compliance with food-handling regulations. This claim was not frivolous on its face and was sufficient to survive defendant's motion to dismiss.

C. Third Objection

Defendant argues that the magistrate judge erred in concluding that plaintiff sufficiently pleaded a First Amendment retaliation claim. To state a First Amendment retaliation claim, plaintiff must allege: (1) that he engaged in protected conduct; (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Herron, 203 F.3d at 415.

6

As to the first element, defendant argued that an oral complaint does not constitute protected conduct. Based on the authorities discussed by the magistrate judge, the court concludes that the complaint, which stated that plaintiff informed defendant of his intention to file a grievance concerning defendant's alleged failure to comply with prison food-handling regulations, was sufficient to allege that plaintiff engaged in protected conduct. While evidence regarding the circumstances of this particular case may later reveal that plaintiff's conduct was not protected, the allegations in the complaint are sufficient to survive a motion to dismiss.

In regard to the second element, the magistrate judge cited authority for the proposition that labeling an inmate as a snitch in the presence of other inmates is likely to deter a person of ordinary firmness from exercising the right to file a grievance. In the context of the closed prison environment , a "snitch" could be an inmate who reports rules violations by other inmates or prison employees to prison authorities, thus inviting adverse action in the form of retaliation by the alleged violators. Defendant's narrow definition of the term "snitch" as meaning an individual who cooperates with law enforcement in a criminal investigation is too restrictive. The court agrees with the finding of the magistrate judge that plaintiff's allegations (that defendant labeled him as a snitch and that plaintiff later had an altercation with an inmate who warned plaintiff that he might have additional problems if he continued to snitch on defendant) were sufficient to satisfy the third element of causation at the pleading stage.

D. Fourth Objection

Defendant argues that plaintiff has failed to allege a sufficient injury in fact to establish standing.  However, this objection rests on defendant's argument that plaintiff did not successfully plead a First Amendment retaliation claim, an argument which the magistrate judge and this court have rejected.  The magistrate judge properly rejected defendant's lack of standing argument in regard to plaintiff's First Amendment retaliation claim.

Defendant also contests the magistrate judge's rejection of his argument that plaintiff's claim for compensatory damages should be dismissed due to plaintiff's failure to allege physical injury.  However, as the magistrate judge noted, the Sixth Circuit has held that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation[.]"  Doc. 17, p. 5 (quoting King v. Zamiara, 788 F.3d 207, 212 (6th Cir. 2015).  Title 42, U.S.C. §1997e(e), which prohibits a prisoner from bringing a civil action for mental or emotional injury unless he has also suffered a physical injury, does not bar an action to redress a violation of constitutional rights under the First Amendment.  King, 788 F.3d at 213.  Plaintiff may recover compensatory damages for actual injury caused by a violation of his First Amendment rights.  Id. at 213-214 (noting that courts have allowed plaintiffs to recover presumed damages for actual injuries caused by constitutional violations that are likely to have occurred but difficult to measure, even when the injury claims is neither physical harm nor mental or emotional distress).  The magistrate judge correctly declined to

8

accept defendant's argument that plaintiff's claim for compensatory damages should be dismissed.

E. Fifth Objection

Defendant notes the magistrate judge's comment that plaintiff's response "provides somewhat more insight into the nature of his claims." Doc. 17, p. 3. Defendant argues that the magistrate judge should not have considered the additional information in plaintiff's response, and should have required plaintiff to amend his complaint. Although plaintiff stated in his response that he was asserting a First Amendment retaliation claim, he did not have to include that label in his complaint. Pro se complaints are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Garrett v. Belmont Cty. Sheriff's Dep't, 374 F.App'x 612, 614 (6th Cir. 2010)(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A plaintiff is not required to plead legal theories or to specify the law which defendant has violated. Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002); see also Gean v. Hattaway, 330 F.3d 758 , 765 (6th Cir. 2003)(mere failure to refer to statute which provides legal theory giving rise to plaintiff's claim does not mandate dismissal).

The allegations in plaintiff's complaint are sufficient to state a First Amendment retaliation claim. Plaintiff's response simply confirmed that this was the nature of his claim. In addition to the other elements of a retaliation claim discussed above as being adequately pleaded, the fact that defendant was a food worker and a state actor can be inferred from the facts alleged. Although defendant has advanced legal arguments as to why

9

he is not a state actor, the magistrate judge cited authority which could support defendant's being a state actor in this case.  This is an argument which would best be resolved at the summary judgment phase based on an evidentiary record.

III. Conclusion

    Having reviewed the report and recommendation and defendant's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that defendant's objections are without merit.  The court overrules defendant's objections (Doc. 20), and adopts the magistrate judge's report and recommendation (Doc. 17).  The motion to dismiss (Doc. 9) is granted in part and denied in part: plaintiff's Eighth Amendment claim is dismissed, but the motion to dismiss plaintiff's First Amendment retaliation claim is denied.


Date: December 11, 2015            _____s/James L. Graham_____
                                   James L. Graham
                                   United States District Judge

10