```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Charles Horn,                    :

    Plaintiff,               :

  v.                             :    Case No. 2:15-cv-220

                                 :    JUDGE JAMES L. GRAHAM
Chad Hunt,                            Magistrate Judge Kemp
                                 :
    Defendant.
                                 :

Aaron E. Young,                  :

    Plaintiff,               :
                                      Case No. 2:15-cv-3019
  v.                             :
                                      JUDGE JAMES L. GRAHAM
Chad Hunt,                       :    Magistrate Judge Kemp

    Defendant.               :

## REPORT AND RECOMMENDATION

    These consolidated cases are prisoner civil rights cases arising out of an alleged incident at the Correctional Reception Center in October, 2014.  On October 25, 2016, defendant Chad Hunt filed a motion for judgment on the pleadings.  On November 30, 2016, he filed a motion for summary judgment.  Plaintiff Charles Horn did not respond to either motion.  Consequently, on January 20, 2017, Mr. Hunt filed a motion to dismiss Mr. Horn's claims for lack of prosecution.  Mr. Horn has not responded to that motion either.  For the following reasons, the Court will recommend that the motion to dismiss for lack of prosecution be granted.

    According to Mr. Hunt's current motion, Mr. Horn was released from prison on October 10, 2016.  Since that time, Mr. Horn has failed to provide updated contact information to the

Court or to Mr. Hunt. Mr. Hunt has attached to his motion various pieces of returned mail addressed to Mr. Horn at his Lebanon Correctional Institution address. A review of the Court's docket confirms Mr. Horn's release and his failure to provide the Court with updated information. See Doc. 40 ("Mail Returned as Undeliverable - Return to Sender - Released 10/10/16").

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). Link v. Wabash R. Co., 370 U.S. 626 (1962); Boudwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir. 1985). "Although pro se Plaintiff's are held to less stringent standards than attorneys, their cases may still be subject to dismissal if they fail to meet their readily comprehended responsibilities before the court." Harkleroad v. Astrue, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011), citing May v. Pike Lake State Park, 8 Fed.Appx. 507, 508 (6th Cir. 2001). Consequently, "dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of [his] current address." Id., citing White v. City of Grand Rapids, 34 Fed.Appx. 210, 211 (6th Cir. 2002).

The facts of this case indicate a clear failure to prosecute. Four months have passed since Mr. Horn was released from prison. He has made no attempt to provide updated contact information to either defense counsel or the Court in the meantime. Prior to his release, the last filing Mr. Horn made in his case was a reply filed on November 23, 2015, directed to objections filed by Mr. Hunt.

For this reason, it is recommended that the motion to dismiss for failure to prosecute (Doc. 47) be granted and that Mr. Horn's claims be dismissed pursuant to Fed. R. Civ. P. 41(b).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge